## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

| | |
|---|---|
| **JOELVETTA SIMS,** *as next friend and guardian* )<br>*for Z.G., a minor child,* )<br> )<br> **Plaintiff,** )<br> )<br> )<br>**v.** )<br> )<br> )<br>**PHILLIP HARNED,** *individually and in his* )<br>*official capacity,* **and BOARD OF** )<br>**EDUCATION OF PADUCAH PUBLIC** )<br>**SCHOOLS,** )<br> )<br> **Defendants.** ) | **Civil Action, Case No.:** <u>5:20-cv-75</u>-TBR<br><br><br><br>**JURY DEMAND** |

## COMPLAINT

COMES NOW the Plaintiff, Joelvetta Sims, as next friend and guardian for Z.G., a minor child, by and through her undersigned counsel, and, for her Complaint, states as follows:

### NATURE OF THE COMPLAINT

1.      This is a civil action arising under the laws of United States and of the Commonwealth of Kentucky brought for violations of the Fourth and Fourteenth Amendments to the United States Constitution via 42 U.S.C. § 1983 for illegal seizure, denial of substantive due process, and deliberate indifference to the consequences of hiring and failing to adequately train and/or supervise an individual who was unfit to serve as a teacher; as well for Kentucky common law claims of assault, battery, and intentional infliction of emotional distress.

### THE PARTIES

2.      Joelvetta Sims and the minor child, Z.G., are residents of McCracken County, Kentucky.

3.      Defendant Phillip Harned was, at all relevant times, employed by Defendant Board of Education of Paducah Public Schools within McCracken County, Kentucky.  Defendant Harned may be served at 4703 Buckner Lane, Paducah, KY  42001.

4.      Defendant Board of Education of Paducah Public Schools ("Board of Education") is a local school board authorized under the laws of the Commonwealth of Kentucky.  Defendant Board of Education's principal place of business is located at 800 Caldwell St, Paducah, KY 42003.  Its registered agent for service of process is Superintendent Donald Shively, who may be served at 800 Caldwell St, Paducah, KY  42003.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiffs' claims pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 because they raise federal questions pursuant to 28 U.S.C. § 1331.  The Court also has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts giving rise to this lawsuit occurred in McCracken County, Kentucky, which is located within this judicial district.

## FACTUAL BACKGROUND

7.      Defendant Board of Education operates a public-school system within the City of Paducah, including McNabb Elementary School.

8.      Plaintiff Z.G. is a ten-year-old child who resides with her grandmother, Plaintiff Sims.

9.      Plaintiff Z.G. was enrolled at McNabb Elementary School during the 2019 – 2020 academic year.

10.    Defendant Harned was employed by Defendant Board of Education as a teacher at McNabb Elementary during the 2019 – 2020 academic year.

11.    Defendant Harned served as Plaintiff Z.G.'s homeroom and math teacher.

12.    Defendant Harned permitted students to walk up to him during class to ask questions about their assignments.

13.    During math class on or about February 10, 2020, Plaintiff Z.G. approached Defendant Harned at the front of the class and asked if she did a math problem correctly.

14.    When Plaintiff Z.G. asked if she did the problem correctly, Defendant Harned grabbed Plaintiff Z.G. by her throat, placing one hand behind her neck and the other on her throat, and squeezed Plaintiff Z.G.'s throat to the point of pain then pressed Plaintiff Z.G.'s nose to the board and said, "it's one-tenth.  Can you see it now?" in front of the class.

15.    Thereafter, Plaintiff Z.G. went to her next class and told teacher Sarah Higgins that "Mr. Harned choked me."  Other students confirmed Plaintiff Z.G.'s statement but teacher Higgins made no report of the event.

16.    Later in the day, Plaintiff Sims' boyfriend picked up Plaintiff Z.G. from basketball practice, at which time Plaintiff Z.G. told him that Defendant Harned had choked her earlier in the day, which was confirmed by the choke marks that even then remained on Plaintiff Z.G.'s throat.

17.    Plaintiff Sims' boyfriend told Plaintiff Sims, who then called police, which resulted in Defendant Harned being charged with assault and issued a criminal summons, and Defendant Board of Education suspending him with pay from teaching.

18.    Defendant Board of Education took no action to protect Plaintiff Z.G. from retaliation, however, resulting in Plaintiff Z.G. being harassed, punched in the back, and kicked by a student for turning in Defendant Harned.

19.     Upon information and belief, Defendant Harned has committed similar acts of physical abuse and assault toward students in previous teaching jobs.

20.     Defendant Board of Education knew or should have known of Defendant Harned's history of inappropriate behavior toward students but chose to ignore that information in order to hire Defendant Harned, exercising deliberate indifference to the safety of Plaintiff Z.G. and other students.

21.     Plaintiff Z.G. suffered pain and bruising as a result of Defendant Harned's physical abuse that occurred because of Defendant Board of Education's deliberate indifference to Defendant Harned's history of such behavior.

22.     Plaintiff Z.G. suffered significant emotional pain and trauma that has materially altered her personality and functioning as a result of Defendant Harned's physical abuse that occurred because of Defendant Board of Education's deliberate indifference to Defendant Harned's history of such behavior.

23.     As a direct, foreseeable, and proximate result of Defendants' wrongful actions, Plaintiff Z.G. has suffered pecuniary losses in the medical expenses as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

**COUNT I**

**ASSAULT AND BATTERY**

**(Defendant Harned,** *individually and in his official capacity***)**

24.     Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 – 23.

25.    On or about February 10, 2020, Defendant Harned caused Plaintiff Z.G. to have reasonable fear that he was going to touch Plaintiff Z.G. in an unwanted and unnecessary manner.

26.    Defendant Harned, then, did touch Plaintiff Z.G. in an unwanted and unnecessary manner on or about February 10, 2020.

27.    Plaintiff Z.G. suffered damages as a result of Defendant Harned's conduct.

## COUNT II

## FALSE IMPRISONMENT

**(Defendant Harned,** *individually and in his official capacity***)**

28.    Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 – 27.

29.    Defendant Harned physically restrained Plaintiff Z.G. on or about February 10, 2020 by grabbing her by the throat and neck.

30.    That restraint of the liberty of Plaintiff Z.G. lacked any reasonable justification.

31.    Plaintiff Z.G. suffered damages as a result of Defendant Harned's conduct.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Defendant Harned,** *individually and in his official capacity***)**

32.    Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 – 31.

33.    Defendant Harned's conduct was outrageous and was intended to, and did, shock the conscious.

34.    Plaintiff Z.G. suffered damages as a result of Defendant Harned's conduct.

## COUNT IV

### SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983

**(All Defendants)**

35.     Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 – 34.

36.     Defendant Board of Education had a custom or policy of permitting instructional staff to physically restrain students when the restraint served no pedagogical goal.

37.     Defendant Harned, acting individually and in his official capacity, physically took control of Plaintiff Z.G. on February 10, 2020, limiting her freedom of movement in a manner beyond the typical requirements commensurate with compulsory attendance at school.

38.     Defendants' seizure of Plaintiff Z.G. was not justified and was unreasonable and excessive.

39.     Defendants were deliberately indifferent to the rights of Plaintiff Z.G. and to her legitimate educational needs.

40.     As a result of Defendants' conduct, Plaintiff Z.G. suffered damages.

## COUNT V

### DENIAL OF SUBSTANTIVE DUE PROCESS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION – PURSUANT TO 42 U.S.C. § 1983

**(All Defendants)**

41.     Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 – 40.

42.     Defendant Board of Education had a custom or policy of permitting instructional staff to physically restrain students when the restraint served no pedagogical goal.

43.    Defendant Harned, acting individually and in his official capacity, physically grabbed Plaintiff Z.G. by the throat and neck on February 10, 2020.

42.    No legitimate pedagogical justification existed for handling Plaintiff Z.G. in that manner and such force was excessive to any legitimate objective.

43.    Defendants did not act in a good-faith effort to maintain discipline.

44.    As a result of Defendants' conduct, Plaintiff Z.G. suffered damages.

## COUNT VI

### DENIAL OF RIGHT TO BODILY INTEGRITY IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION – PURSUANT TO 42 U.S.C. § 1983

**(All Defendants)**

45.    Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 – 44.

46.    Defendant Harned, acting under color of state law, committed assault and battery against and falsely imprisoned Plaintiff Z.G. pursuant to a custom or policy of Defendant Board of Education to allow such misconduct unless it becomes a matter of public knowledge.

47.    Plaintiff Z.G. suffered damages as a result of Defendants' conduct.

## COUNT VII

### DENIAL OF RIGHT TO BODILY INTEGRITY IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION – DELIBERATE INDIFFERENCE TO HIRING AND FAILING TO SUPERVISE DEFENDANT HARNED – PURSUANT TO 42 U.S.C. § 1983

**(Defendant Board of Education)**

48.    Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 – 47.

49.    Defendant Board of Education had a custom or policy of hiring teachers with histories making them unsafe for contact with school children.

50.    Defendant Board of Education was deliberately indifferent to the risk of harm posed by Defendant Harned in choosing to hire him as an elementary school teacher.

51.    Defendant Board of Education was deliberately indifferent to the need for close supervision of Defendant Harned given his history of which Defendant Board of Education was or should have been aware.

52.    Plaintiff Z.G. suffered damages as a result of Defendant Board of Education's conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays as follows:

1.    That Defendants be served and required to answer within the time prescribed by law;

2.    That a jury of eight try this cause;

3.    That, upon the trial of this matter, Plaintiffs be awarded judgment for damages of the cost of medical and psychological treatment incurred by Plaintiff Z.G. from the date of Defendant's illegal actions, in an amount to be proven at trial;

4.    That Plaintiffs be awarded additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial;

5.    That the Court award Plaintiffs punitive damages pursuant to Counts I – VII;

6.    That costs and attorneys' fees be assessed against Defendants pursuant to 42 U.S.C. § 1988 pursuant to Counts IV – VII;

7. That costs and discretionary costs be taxed against Defendant;

8. That pre-Judgment and post-Judgment interest be assessed against Defendants, as provided by law;

9. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

10. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

__/s D. Wes Sullenger_____
D. Wes Sullenger, KY BAR # 91861
            TN BPR # 021714

Sullenger Law Office, PLLC
629 Washington Street
Paducah, KY  42003
Voice: (270) 443-9401

wes@sullengerfirm.com

*Attorney for the Plaintiffs,*
*Joelvetta Sims as next friend and guardian*
*for Z.G., a minor child*

9